UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM BENJAMIN BROWN, and ROSA D. BROWN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV423-155 |
| SCOTTIE DANIEL, *et al.*, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiffs William Benjamin Brown and Rosa D. Brown to show cause why their case should not be dismissed for their failure to timely serve Defendants. *See* doc. 10. William Brown responded. *See* doc. 11; *see also* doc. 12 ("proof of service" consisting of copies of certified mail receipts showing mailing to the named defendants). He contends that "a copy of the [a]ction was mailed to the party's [sic] named." *Id.* at 1. As explained below, that response is insufficient. This case should, therefore, be **DISMISSED**.

Rule 4(m) requires the Court to dismiss a case for failure to timely serve unless the plaintiff shows "good cause" for the failure. Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as

1

reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation marks and alterations omitted). Plaintiff's mailing copies of pleadings to defendants is not sufficient to effect service. *See* Fed. R. Civ. P. 4(c)(2), 4(i). Moreover, delivery of pleadings, without a summons, is insufficient. Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). The Court cannot find that Plaintiffs' confusion concerning their responsibility to prosecute this case is "good cause" to extend the deadline under Rule 4(m). *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also, e.g., Daker v. Donald*, 2008 WL 1766958, at *4 (N.D. Ga. Apr. 14, 2008) ("[V]irtually every court to have addressed the issue has rejected the position that a plaintiff's *pro se* status and ignorance of the Federal Rules excuses noncompliance with Rule 4(m)[ ]").

Even in the absence of good cause, however, the Court must consider whether any other circumstances warrant an extension based on the facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282. *Lepone-*

*Dempsey*, relying upon the Advisory Committee's note to Rule 4(m), identified a non-exhaustive list of circumstances that might warrant extension in the absence of good cause. *Id.* ("Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"). The response to the Court's show cause Order does not indicate any circumstance that warrants an extension. *See generally* doc. 11. Consideration of the Complaint's allegations, as discussed below, indicates that any such extension would be futile.

Plaintiffs' Complaint alleges that the defendants violated William Brown's civil rights by investigating, indicting, and prosecuting him "for a nonextent [sic] crime," in 2011. Doc. 1 at 9. Their claim fails for multiple reasons. To the extent that their claim asserts that Brown's prosecution was improper, it might implicate a § 1983 malicious prosecution claim. *See, e.g., Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019). However, they do not allege any "favorable termination" essential to such a claim. *See, e.g., Heck v. Humphrey*, 512 U.S. 477 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional

conviction . . ., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."). To the extent that they allege any other § 1983 claim arising from those proceedings, any such claim appears barred by the applicable two-year statute of limitations. *See, e.g., Lovett v. Ray*, 327 F.3d 1181, 1182-83 (11th Cir. 2003).[1] Since Plaintiffs' Complaint does not allege any event that occurred later than 2011, any claim arising from those events would be years out of time. *See* doc. 1 at 9-11. It, therefore, appears that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

---

[1] Judgment was entered against Brown on December 5, 2011. *See United States v. Brown*, CR6:11-001, doc. 59 (S.D. Ga. Dec. 5, 2011). He appealed. CR6:11-001, doc. 62 (S.D. Ga. Dec. 20, 2011). The Court of Appeals dismissed his appeal, based on an appeal waiver in his plea agreement, on October 12, 2012. CR611-001, doc. 73 (S.D. Ga. Oct. 12, 2012). His Motion to Vacate that judgment, pursuant to 28 U.S.C. § 2255, was denied in 2013. CR6:11-001, doc. 85 (S.D. Ga. Aug. 1, 2013). The Court of Appeals denied his request for a certificate of appealability in 2014. CR6:11-001, doc. 92 (S.D. Ga. Feb. 3, 2014). Undeterred, Brown filed a second § 2255 Motion, CR6:11-001, doc. 94 (S.D. Ga. June 27, 2016), which was dismissed, CR6:11-001, doc. 103 (S.D. Ga. Aug. 15, 2016). He moved for relief from his criminal judgment, invoking Federal Rule of Civil Procedure 60(b), in 2019. CR6:11-001, doc. 104 (S.D. Ga. Feb. 7, 2019). It was denied, CR6:11-001, doc. 107 (S.D. Ga. Mar. 12, 2019), and his request to appeal the denial was denied "because the appeal is frivolous," CR6:11-001, doc. 113 (S.D. Ga. July 10, 2019).

Plaintiffs have not shown good cause for their failure to timely serve Defendants. The Court has considered "whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. The Court cannot discern any circumstance that would warrant an extension of time. Moreover, as discussed above, it appears that Plaintiffs' claims, to the extent that they are discernable, are subject to fatal and non-amendable defects. Given those defects, any additional time to serve the Complaint would be futile. *See, e.g., Fernandez v. Wells Fargo Home Mortg.*, 2011 WL 13319201, at *4-*5 (N.D. Ga. Apr. 15, 2011) (denying additional time to serve for, among other reasons, "the fact that the claims in the complaint appear to be time-barred or otherwise without merit"). Accordingly, Plaintiffs' Complaint should be **DISMISSED** without prejudice pursuant to Rule 4(m).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA