IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM BENJAMIN BROWN, and ROSA D. BROWN, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:23-cv-155 |
| v. | |
| SCOTTIE DANIEL, *et al.*, | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's October 6, 2023, Report and Recommendation, (doc. 13), to which William Brown has filed an objection, (doc. 15). The Magistrate Judge noted that Plaintiffs failed to properly serve their Complaint upon any defendant within the period provided by Federal Rule of Civil Procedure 4(m). (See doc. 13, pp. 1-2.) He found that Plaintiffs had shown no "good cause" to extend that deadline. (Id., p. 2.) Finally, he considered whether, despite the lack of good cause, there were any other circumstances warranting an extension. (Id., pp. 2-3 (citing Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)). The Magistrate Judge concluded that there were no such circumstances because to the extent Plaintiff asserted he was improperly prosecuted, he did not allege any favorable termination necessary for such a claim, and Plaintiff's other claims, which arose in the context of a 2011 arrest and prosecution, were barred by the applicable statute of limitations. (Id., pp. 3-5.) He, therefore, recommended Plaintiffs' Complaint be dismissed, without prejudice, pursuant to Rule 4(m). (Id., p. 5.)

Brown's Objection merely restates that he mailed Defendants "a copy," presumably of his Complaint, and "not a one came back." (Doc. 15, p. 1.) His objection to the Magistrate Judge's conclusion that his underlying claim is time-barred is not entirely clear, but he appears to assert that he was "actually innocent" of the charge to which he pleaded guilty. (Id., p. 2.) He asserts that "[b]y making such a showing, petitioner is entitled to have his defaulted claim reviewed on collateral attack." (Id., p. 2.) First, the Magistrate Judge correctly concluded that mailing documents to defendants, even employees of the United States, is not alone sufficient to effect service upon those defendants.[1] See, e.g., Fed. R. Civ. P. 4(c)(1)-(2), 4(i). Since any confusion Plaintiff suffers concerning the requirements for service does not rise to the level of "good cause" to excuse noncompliance under Rule 4(m), (see doc. 13, p. 2 (citing Daker v. Donald, 2008 WL 1766958, at *4 (N.D. Ga. Apr. 14, 2008)).) The assertion of "actual innocence," while relevant to a petition for habeas corpus relief, does not address the Magistrate Judge's conclusion that Brown's § 1983 claims for damages, asserted here, are fatally defective and any additional time to serve them would be futile. (Doc. 13, p. 5 (citing Fernandez v. Wells Fargo Home Mortg., 2011 WL 13319201, at *4-*5 (N.D. Ga. Apr. 15, 2011)).) The materials submitted with Brown's Objection do not appear to bear any relation to the Report and Recommendation and appear to substantially reproduce prior documents he filed into this case. (See doc. 15, pp. 4-30.)

Accordingly, the Court agrees with the Magistrate Judge's determinations that (1) Plaintiffs failed to timely serve defendants, (2) without good cause, and (3) further time to effect service would be futile. The Court, therefore, **ADOPTS** the Report and Recommendation as its opinion.

---

[1] Brown also submitted a document in response to the Magistrate Judge's show-cause Order. (See doc. 14.) That submission confirms, again, that Brown's sole attempt to serve defendants was to send copies of the Complaint to them via certified mail. (Id., p. 1.)

(Doc. 13.)   Plaintiffs' Complaint is **DISMISSED**.   The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 25th day of October, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA